**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**
Urbana Division

| | |
|---|---|
| JOHN PAUL JENKINS, ) | |
|                        Plaintiff, ) | |
| v. ) | |
| ) | Case No. 07-2235 |
| R. JAMES NICHOLSON, ) | |
| SECRETARY OF THE DEPARTMENT ) | |
| OF VETERANS AFFAIRS, ) | |
|                        Defendant. ) | |

# REPORT AND RECOMMENDATION

In December 2007, Plaintiff John Paul Jenkins, acting *pro se*, filed a Complaint (#5) against Defendants James Nicholson, Secretary of the Department of Veteran Affairs, Paul Flick, and Marion Fellers, alleging employment discrimination based on sex and disability. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331 because the claims arise under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.) (hereinafter "Title VII") and the Rehabilitation Act of 1973 (29 U.S.C. §§ 701 et seq.) (hereinafter "Rehabilitation Act").

In June 2008, Defendant Nicholson filed a Motion To Dismiss Named Employees As Defendants in Plaintiff's Complaint (#11). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Named Employees As Defendants in Plaintiff's Complaint **(#11)** be **GRANTED**.

### I. Background

At relevant times, Plaintiff worked for the VA Hospital in Danville, Illinois. Defendant Flick was his supervisor and Defendant Fellers was a general foreman. Plaintiff's complaint alleges discrimination based on sex and disability. (#5, p. 5.) Plaintiff alleges that he was subjected to workplace harassment due to his cerebral palsy, sexual harassment surrounding his relationship with another employee, and reprisal for having a case pending with the EEOC. (#5, pp. 5-8.)

## II.  Standard of Review

When considering a motion to dismiss, the Court must accept all well-pleaded factual allegations in the claim as true, and draw all reasonable inferences in favor of the plaintiff. *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004).  The Court should dismiss the claim if the plaintiff fails to assert a set of facts plausibly suggesting that it is entitled to relief, "raising that possibility above a 'speculative' level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S. Ct. 1955, 1965, 1973 n.14 (2007)).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

## III.  Analysis

Plaintiff brings this suit against Defendant Nicholson, Secretary of the Department of Veterans Affairs, and Defendants Flick and Fellers, two employees of the VA Hospital in Danville, Illinois.  In any suit pursuant to either Title VII or the Rehabilitation Act, "[t]he only proper defendant . . . is the head of the agency accused of having discriminated against the plaintiff." *McGuinness v. USPS*, 744 F.2d 1318, 1322 (7th Cir. 1984).  Here, only Defendant Nicholson is the proper Defendant.  Therefore, the Court recommends dismissing Plaintiff's claims against Defendants Flick and Fellers.

## IV.  Summary

For the reasons set forth above, this Court recommends that Defendant's Motion To Dismiss Named Employees As Defendants in Plaintiff's Complaint **(#11)** be **GRANTED**. Because it is conceivable that Plaintiff can amend his complaint to allege state law claims against Defendants Flick and Fellers, the Court recommends that the dismissal be without

prejudice and that Plaintiff be granted leave to file an amended complaint within fourteen (14) days of the order ruling on the motion.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objection on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 24th day of July, 2008.

                                              s/ DAVID G. BERNTHAL
                                              U.S. MAGISTRATE JUDGE