UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHN PAUL JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07-CV-2235 |
| ) | |
| R. JAMES NICHOLSON, SECRETARY ) | |
| OF THE DEPARTMENT OF VETERANS ) | |
| AFFAIRS, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On December 14, 2007, Plaintiff, John Paul Jenkins, filed a pro se Complaint (#5) against Defendant, R. James Nicholson, Secretary of the Department of Veterans Affairs. Plaintiff alleged claims under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. In the body of the Complaint, which was written on a Complaint form, Plaintiff also listed Paul Flick and Marion Fellers as Defendants. On June 12, 2008, Defendant James B. Peake, Secretary, United States Department of Veterans Affairs, improperly named as R. James Nicholson, filed an Answer and Affirmative Defenses (#12).[1] Defendants also filed a Motion to Dismiss Named Employees as Defendants in Plaintiff's Complaint (#11). Defendants argued that Flick and Fellers should be dismissed as named defendants.

On July 24, 2008, a Report and Recommendation (#23) was filed by Magistrate Judge David G. Bernthal. Judge Bernthal agreed that the only proper defendant in any suit pursuant to Title VII or the Rehabilitation Act was the head of the agency accused of having discriminated against the

---

[1] The clerk will be directed to substitute James B. Peake for R. James Nicholson as the proper Defendant in this case.

plaintiff.  Judge Bernthal therefore recommended granting the Motion to Dismiss (#11).  Judge Bernthal stated, however, that it was conceivable that Plaintiff could amend his complaint to allege state law claims against Flick and Fellers.  Accordingly, he recommended that the dismissal should be without prejudice and that Plaintiff should be granted leave to file an amended complaint within fourteen days of the order ruling on the motion.

No objections have been filed to the Report and Recommendation.  However, on August 6, 2008, Plaintiff filed a Motion for Leave to File Amended Complaint (#25).  In his Motion, Plaintiff appeared to accept that the only proper Defendant was the Secretary of the Department of Veterans Affairs.  Plaintiff stated, however, that he wanted to add allegations of continued reprisals and harassment against the Secretary.  Plaintiff attached 75 pages.  The first three pages were the proposed amended complaint, which was written in a strange paragraph style which made it extremely difficult to read and which, in any case, was essentially incomprehensible.  The remaining 72 pages consisted of various documents.  Many of these documents were written by Plaintiff and were also essentially incomprehensible.

On August 7, 2008, Defendant filed a Corrected Objection to Plaintiff's Motion to File Amended Complaint (#27). Defendant stated that it was "impossible for the defendant to determine what additional facts and allegations specifically are included in the proposed three page amended complaint."  Defendant further noted that Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and a "demand for the relief sought."  See Fed. R. Civ. P. 8(a).  In addition, Defendant noted that Plaintiff appeared to be complaining that Defendant had refused to settle the case, which is not a valid cause of action.  Defendant asked this court to deny Plaintiff's Motion, without prejudice, because: (1) the

proposed complaint fails to state a cause of action against Defendant; (2) the proposed amended complaint violates Rule 8(a) in that it does not contain a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) Plaintiff "has not shown that he has timely administratively exhausted whatever issues are set forth in the proposed amended complaint that is too confusing and disjointed for the defendant to understand."

On August 11, 2008, Plaintiff filed a Response to Defendant's Objection (#28). The Response is written in the same confusing paragraph style and does not directly respond to Defendant's arguments.

As far as the Report and Recommendation (#23), more than ten (10) days have elapsed since the filing of the Recommendation and no objections have been made. See 28 U.S.C. § 636(b)(1). Judge Bernthal's Recommendation is, therefore, accepted by the court. See Video Views, Inc. v. Studio 21, Ltd, 797 F.2d 538 (7th Cir. 1986).

As far as Plaintiff's Motion for Leave to File Amended Complaint (#25), this court entirely agrees with Defendant that the complaint, as proposed, does not state a claim and is in clear violation of Rule 8(a) of the Federal Rules of Civil Procedure.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#23) is accepted by this court. Defendants' Motion to Dismiss (#11) is GRANTED. Defendants' Flick and Fellers are dismissed as named defendants. Based upon Plaintiff's stated acceptance that the Secretary is the only proper party to this action, the dismissal of Flick and Fellers is with prejudice.

(2) James B. Peake, Secretary of the Department of Veterans Affairs, is hereby substituted as the proper, and only, Defendant in this action.

(3) Plaintiff's Motion for Leave to File Amended Complaint (#25) is DENIED, without prejudice.

(4) This case will proceed based upon Plaintiff's original Complaint (#5) and is referred to Judge Bernthal for further proceedings.

ENTERED this 19th day of August, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE